UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN MCCRAY (#268369)                                          CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                                NO.:14-00656-BAJ-RLB

RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 39)**, pursuant to 28 U.S.C. § 636(b)(1), addressing Defendants' Motion to Dismiss and Defendants' Motions for Summary Judgment. (Docs. 29, 37, 38). Defendants seek dismissal of Plaintiff's 42 U.S.C. § 1983 claims. The Magistrate Judge recommended that Defendants' Motion to Dismiss (Doc. 38) be granted, dismissing all claims against all Defendants, that the above captioned case be dismissed, and that Defendants' Motions for Summary Judgment (Docs. 29, 37) be denied as moot.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 39 at p. 1). Plaintiff timely filed objections (Doc. 42).

Plaintiff objects to the Report and Recommendation ("R&R") on 5 grounds: (1) the claims of supervisory liability were misconstrued as official capacity claims, and

as a result, should not have been dismissed; (2) that the motions have never been served upon Plaintiff; (3) that Plaintiff's claim that he was handcuffed is enough to survive the motion to dismiss; (4) that the magistrate judge erred by considering whether the law "clearly established" that the Defendants' actions were unlawful; and (5) that the claim of failing to allow the Plaintiff to use the bathroom for several hours rises to a violation of the Eighth Amendment. None of Plaintiff's objections persuade the Court that the R&R is erroneous.

Plaintiff's first objection attempts to rebrand the official capacity claims against Defendants as supervisory liability claims, and argues that as a supervisory liability claim, it should survive. (Doc. 42 at p. 1). However, a pure supervisory liability claim, standing alone without allegations of individual wrong doing and involvement, fails to state a claim upon which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, the magistrate judge did not err by dismissing the claims, regardless of how the claims were branded.

As to Plaintiff's second objection, the Court is persuaded that the motions were properly served on Defendant. Before ruling on this objection, the Court ordered Defendants' counsel to submit evidence to show whether Plaintiff was served with the Motion to Dismiss and the Motions for Summary Judgment. (Doc. 44). Defendants' counsel submitted a notice of compliance, indicating that he had sent the motions to Plaintiff, and provided the prison's mail logs demonstrating that Plaintiff received these motions. (*See* Doc. 45 at pp. 3-4; Doc. 45-1 at pp. 1-8). Considering the clear evidence now in the record, the Court must overrule this objection.

As to Plaintiff's third objection, the actual act of being handcuffed while in the prison, without further allegations of physical injury, does not, by itself, present a cause of action, as it does not rise to the deprivation of a single identifiable human need. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Accordingly, this objection must also be overruled.

As to Plaintiff's fourth objection, the Magistrate Judge did not err by examining whether any of the alleged violations were contrary to "clearly established law." To succeed in his civil rights suit against a state actor, Plaintiff must demonstrate that the actions were contrary to clearly established law, because Defendants are entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Plaintiff's failure to make such a showing warrants dismissal.

As to Plaintiff's final objection, Plaintiff failed to demonstrate that the refusal to allow a prisoner to use the restroom from 9:00 p.m. to 6:00 a.m. is clearly contrary to law. Even assuming *arguendo* that this was clearly established as contrary to law, Plaintiff's complaint specifically asks for mental anguishes damages, (Doc. 19 at p. 2), but fails to allege a physical injury, which is a pre-requisite to receiving mental anguish damages. 42 U.S.C. § 1997e(e) (1980). As a result, the magistrate judge did not err in dismissing this claim.

Therefore, having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

IT IS ORDERED that the **Magistrate Judge's Report and Recommendation (Doc. 39)** is **ADOPTED** as the Court's opinion herein.

IT IS FURTHER ORDERED the **Motion to Dismiss (Doc. 38)** by Defendants Emanuel Ellis, James M LeBlanc, Jason Lilly, and Darryl Vannoy is **GRANTED**.

IT IS FURTHER ORDERED that **Defendant's Motion for Summary Judgment (Doc. 29)** by Darryl Vannoy is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that **Defendant's Motion for Summary Judgment (Doc. 37)** by James LeBlanc is **DENIED AS MOOT**.

IT IS FURTHER ORDERED that the above captioned case is **DISMISSED**.

Baton Rouge, Louisiana, this 27th day of March, 2017.

_____

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA